IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSIE K.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 22 C 7296 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) Maria Valdez |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Rosie K.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 17] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On January 14, 2021, Plaintiff filed a claim for DIB, alleging disability since January 3, 2014. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on February 1, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. Plaintiff amended her alleged onset date to August 3, 2017.

On February 18, 2022, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity during the period from her amended alleged onset date of August 3, 2017 through her date last insured of December 31, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments: post-

traumatic stress disorder (PTSD); panic disorder without agoraphobia; depression; and anxiety. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: could tolerate occasional contact with coworkers and supervisors away from the general public; and could not perform fast-paced production rate work or meet strict quota requirements, but could meet and-of-day requirements. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a research assistant or program manager. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that she was not disabled under the Social Security Act at any time from the amended alleged onset date through the date last insured.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is

3

disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.*

*Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate

5

the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to evaluate the functional impact of Plaintiff's severe panic disorder; (2) the ALJ failed to properly assess the opinion of Plaintiff's therapist; (3) the ALJ's RFC assessment was not supported by the requisite logical bridge; and (4) the ALJ failed to properly evaluate Plaintiff's symptoms.

In advancing her first argument, Plaintiff contends that the ALJ reversibly erred because she failed to assess the impact of Plaintiff's panic attacks on her ability to work full time. (Pl.'s Br. at 2-3.) Pertinent to that assertion, the ALJ noted in her decision that Plaintiff "reported experiencing panic attacks if she feels that

6

she cannot control a situation [and] the attacks last 10 to 20 minutes and cause her to be exhausted and sleep for 20 hours to recover." (R. 20.) Otherwise, specifically with respect to Plaintiff's panic attacks, the ALJ stated only that "extreme agoraphobia" was not supported because Plaintiff was "diagnosed with panic disorder without agoraphobia" and "treatment notes often described the claimant's panic attacks as moderate and at other times indicate that they are in full remission." (*Id.* at 21 (citations omitted).) The ALJ's decision contains no other mention of Plaintiff's panic disorder.

The Court agrees with Plaintiff that the ALJ's assessment of her panic disorder falls short of what is required. As stated above, the ALJ determined that Plaintiff's panic disorder constituted a severe impairment. (R. 17.) An impairment is considered "severe" if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1520(c); 20 C.F.R. § 404.1522(a). So, in deeming Plaintiff's panic disorder to be severe, the ALJ necessarily determined that Plaintiff's panic disorder caused significant functional work limitations. Yet, aside from providing the limited analysis set forth above, the ALJ erred in that she did not explicitly explain what work limitations were associated with Plaintiff's panic disorder nor explicitly consider the impact of Plaintiff's panic disorder on her residual functional capacity. *See Christopher M. L. v. Kijakazi*, No. 20 C 6407, 2022 WL 3445499, at *2 (N.D. Ill. Aug. 17, 2022) ("The ALJ noted that plaintiff reported panic attacks, but she did not address, let alone explain why she rejected, the wealth of evidence about the consistency, frequency, severity, and impact of those

7

attacks.") (citation omitted); *Ohms v. Barnhart*, No. 04 C 5365, 2005 WL 5178687, at *12 (N.D. Ill. Oct. 26, 2005) ("It is unclear how the ALJ could make a determination on Claimant's ability to work without affirmatively determining how often Claimant could not leave the house or might have to leave work early due to panic or asthma attacks."); *Ferere v. Barnhart*, No. 03 C 2891, 2004 WL 842517, at *9 (N.D. Ill. Apr. 19, 2004) ("[T]he ALJ should have at least considered how Ms. Ferere's napping requirements and panic attacks might have impacted her ability to hold down a regular job, and he does not appear to have done so."); *cf. Tincher v. Colvin*, No 13 C 8410, 2015 WL 4253632, at *7 (N.D. Ill. July 14, 2015) ("Even if the ALJ had valid reasons for finding that Plaintiff's panic disorder was not a severe impairment, she was still required to account for its effects on his RFC."). To the extent the RFC limitations included by the ALJ were meant to accommodate Plaintiff's panic attacks, the ALJ provided no explanation on that issue and the requisite logical bridge is missing. The errors committed by the ALJ with respect to Plaintiff's panic disorder require that this matter be remanded. *See Lorena T. v. Saul*, No. 18-CV-6348, 2020 WL 977967, at *9 (N.D. Ill. Feb. 28, 2020) ("On remand, the ALJ must explain the connection between the evidence of Lorena's panic attacks and his conclusion that she could sustain a fulltime job with 'normal breaks.'").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes

8

the Commissioner that, on remand, special care should be taken to ensure that the medical opinions are properly weighed, Plaintiff's symptoms are properly evaluated, and the RFC assessment is properly supported by the requisite logical bridge.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 17] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:  December 7, 2023**  _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**